UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 1 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| SIDNEY HORN,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANKLIN D. RAINES, *et al.*,<br><br>    Defendants. | Civil Action No. 04-1783 (RJL) |
| RICHARD MANDEL,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY HOWARD, *et al.*,<br><br>    Defendants. | Civil Action No. 04-1827 (RJL) |
| PIRELLI ARMSTRONG TIRE<br>CORPORATION RETIREE<br>MEDICAL BENEFITS TRUST,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANKLIN D. RAINES, *et al.*,<br><br>    Defendants. | Civil Action No. 04-1852 (RJL) |

| | |
|---|---|
| HEDDA RUDOFF, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANKLIN D. RAINES, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 04-1960 (RJL) |
| JAMES KELLMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL NATIONAL MORTGAGE )<br>ASSOCIATION, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 04-2084 (RJL) |
| WAYNE COUNTY EMPLOYEES' )<br>RETIREMENT SYSTEM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FRANKLIN D. RAINES, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 04-2228 (RJL) |

| | |
|---|---|
| THE LILLIAN WINSTON 1993 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>FRANKLIN D. RAINES, *et al.*,<br><br>Defendants. | Civil Action No. 05-0010 (RJL) |
| JAMES KELLMER,<br><br>Plaintiff,<br><br>v.<br><br>DONALD B. MARRON, *et al.*,<br><br>Defendants. | Civil Action No. 05-0037 (RJL) |

### PRETRIAL ORDER NO. 1
### CONSOLIDATING ALL RELATED SHAREHOLDER DERIVATIVE ACTIONS AND ADOPTING A LEADERSHIP STRUCTURE FOR PLAINTIFFS

In accordance with Federal Rule of Civil Procedure 42, it is this 14th day of February, 2005 hereby **ORDERED**:

**I.    CONSOLIDATION**

A.    The following actions and all other shareholder derivative cases commenced on behalf of Federal National Mortgage Association ("Fannie Mae") that relate to the same subject matter that are subsequently filed in or transferred to this Court are hereby consolidated into the first-filed action, *Horn v. Raines, et al.*, No. 04-cv-01783

3

(the "Consolidated Action"): *Mandel v. Howard*, No. 04-cv-01827; *Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust v. Raines*, No. 04-cv-01852; *Rudoff v. Raines*, No. 04-cv-01960; *Kellmer v. Fannie Mae*, No. 04-cv-02084; *Wayne County Employees' Retirement System v. Raines*, No. 04-cv-02228; *Lillian Winston 1993 Trust v. Raines*, No. 05-cv-00010; and *Kellmer v. Marron*, No. 05-cv-00037. The consolidation will be for all purposes through final judgment. The case docket for all actions consolidated into the Consolidated Action shall be closed.

B. The Consolidated Action shall be maintained in one Master File. The Master File shall be Case No. 1:04-cv-01783. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

C. The Clerk shall file electronically a copy of this Order in the Master File.

D. Every pleading subsequently filed in the Consolidated Action after entry of this Order shall have the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **In re: Fannie Mae Derivative Litigation** | ) ) ) ) ) | Civil Case No. 04-1783 (RJL) **Consolidated Action** |

## II. NEWLY-FILED OR TRANSFERRED ACTIONS

A. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be

consolidated as part of the Consolidated Action.

    B.    When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

        1.    File electronically a copy of this Order in the separate file for such action;

        2.    Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case;

        3.    Make the appropriate entry in the Master Docket for the Consolidated Action; and

        4.    Close the case docket for the newly-filed or transferred case.

    C.    Each new case that arises out of the subject matter of the Consolidated Action that is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto. If a party to the newly-filed or transferred case objects to consolidation, as provided for herein, or any provision of this Order, the party shall file an application for relief with this Court within 10 days after the date upon which a copy of this Order is served on counsel for such party. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related actions.

5

## III. LEADERSHIP STRUCTURE

A. The following parties are appointed as Co-Lead Plaintiffs for the Consolidated Action:

1. Pirelli Armstrong Tire Corporation Medical Benefits Trust, and

2. Wayne County Employees' Retirement System.

B. The following counsel is appointed as Co-Lead Counsel for the Consolidated Action:

1. Barrett, Johnston & Parsley, and

2. Lerach Coughlin Stoia Geller Rudman & Robbins LLP.

C. Plaintiffs' Co-Lead Counsel shall

1. Have the authority to speak for plaintiffs in matters regarding pretrial procedure, trial and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative and unproductive effort.

2. Be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of the Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiffs except through Plaintiffs' Co-Lead Counsel.

3. Be available and responsible for communications to and from the Court, including distributing orders and other directions from the Court to counsel.

  4. Be responsible for creating and maintaining a master service list of all parties and their respective counsel.

 D. Defendants' counsel may rely upon all agreements made with plaintiffs' Co-Lead Counsel, or other duly authorized representative of plaintiffs' Co-Lead Counsel, and such agreements shall be binding on plaintiffs.

## IV. SCHEDULING

 A. Co-Lead Plaintiffs shall file and serve a Consolidated Complaint for the Consolidated Action within 45 days from the entry of this Order. The Consolidated Complaint will supersede all existing complaints filed in this action. Defendants need not respond to any of the pre-existing complaints. Service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, of any of the pre-existing complaints on any of the defendants, or their counsel, shall constitute sufficient service on that defendant. Service of the case shall be effected with respect to any defendant named in any of the consolidated actions by serving the Consolidated Complaint on defendants' counsel.

 B. Each defendant shall answer or otherwise respond to the Consolidated Complaint no later than 45 days from the date of service.

 C. In the event that defendants file and serve any motions directed at the Consolidated Complaint, plaintiffs shall file and serve their opposition within 30 days after the service of defendants' motion.

7

D.  Defendants' reply, if any, shall be filed and served within 15 days after the service of plaintiffs' opposition.

**SO ORDERED.**

                                                   RICHARD J. LEON
                                                   United Stated District Judge